IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| UNITED STATES OF AMERICA, | |
|---|---|
| Plaintiff, | 4:12CR3031 |
| vs. | **MEMORANDUM AND ORDER** |
| DONALD G. ANTHONY, | |
| Defendant. | |

After hearing and considering the evidence presented at the defendant's detention hearing held on March 23, 2012, I concluded the defendant failed to rebut the presumption of detention and must be detained. Specifically, I found that based on the defendant's criminal history, and his violations of probation, he poses a risk of harm and a risk of flight. (Filing No. 13).

The defendant now moves to be released to live with Melissa A. Allen, who would serve as defendant's third party custodian. Based on the pretrial services report, the defendant was charged six times with felony assault of a confined person, four of which ended in convictions; was charged and convicted of making terroristic threats; was charged with assault causing injury to a family member; failed to appear for court proceedings several times; and violated probation, ultimately resulting in revocation of his probation and a 20- to 36-month prison sentence. The defendant was paroled on July 28, 2011, and was discharged from parole six months later. While on parole, he began living with Ms. Allen, and he lived with her only 3 or 4 months prior to his arrest in this case. While living with Ms. Allen, he used marijuana daily, and he allegedly illegally possessed a handgun and sold illegal drugs. See Filing No. 1. Ms. Allen was pregnant with the defendant's child at the time of his arrest. The baby's due date was May 8, 2012. Presumably, the child was born and lives with Ms. Allen.

The defendant has a history of defying court orders and assaulting and threatening others--even while confined and under supervision. Under the circumstances presented,

living with Ms. Allen as a third party custodian does not address or ameliorate the risk of harm and failure to appear that will arise if the defendant is released. Rather, it poses a risk of flight and a risk of harm to others, including Ms. Allen and her child.

Accordingly,

IT IS ORDERED:

1) The defendant's motion for release, (Filing No. 46), is denied.

2) The government's motion to file as a restricted access document, (Filing No. 47), is granted.

December 13, 2012.

BY THE COURT:
*s/ Cheryl R. Zwart*
United States Magistrate Judge