IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| UNITED STATES OF AMERICA, | |
|---|---|
| Plaintiff, | 4:12-CR-3031 |
| vs. | |
| DONALD G. ANTHONY, | TENTATIVE FINDINGS |
| Defendant. | |

The Court has received the resentencing report in this case. There are no motions for departure or variance. The defendant has objected to the resentencing report. Filing 139.

IT IS ORDERED:

1. The Court will consult and follow the Federal Sentencing Guidelines to the extent permitted and required by *United States v. Booker*, 543 U.S. 220 (2005) and subsequent cases. In this regard, the Court gives notice that, unless otherwise ordered, it will:

   (a) give the advisory Guidelines respectful consideration within the context of each individual case and will filter the Guidelines' advice through the 18 U.S.C. § 3553(a) factors, but will not afford the Guidelines any particular or "substantial" weight;

   (b) resolve all factual disputes relevant to sentencing by the greater weight of the evidence and without the aid of a jury;

   (c) impose upon the United States the burden of proof on all Guidelines enhancements;

   (d) impose upon the defendant the burden of proof on all Guidelines mitigators;

   (e) depart from the advisory Guidelines, if appropriate, using pre-*Booker* departure theory; and

(f) in cases where a departure using pre-*Booker* departure theory is not warranted, deviate or vary from the Guidelines when there is a principled reason justifying a sentence different than that called for by application of the advisory Guidelines, again without affording the Guidelines any particular or "substantial" weight.

2. There are no motions that require resolution at sentencing. The defendant has filed an objection (filing 139) to the resentencing report, objecting to the report's conclusion that the defendant's two convictions for assault by a confined person are "crimes of violence" for purposes of classifying the defendant as a career offender. The Court's tentative conclusion is that the defendant's objection lacks merit.

The defendant has two separate convictions for assault by a confined person, in violation of Neb. Rev. Stat. § 28-932. That statute, as relevant, makes it a felony when an incarcerated person "intentionally, knowingly, or recklessly causes bodily injury to another person." § 28-932(1). The defendant argues that convictions for assault by a confined person pursuant to § 28-932 "cannot qualify as crimes of violence for the purpose of the career offender enhancement" because the statute can be violated by acting recklessly. Filing 139 at 2.

Under the relevant definition, a "crime of violence" is any offense under federal or state law, punishable by a term of imprisonment exceeding one year, that

(1) has as an element the use, attempted use, or threatened use of physical force against the person of another, or
(2) is murder, voluntary manslaughter, kidnapping, aggravated assault, a forcible sex offense, robbery, arson, extortion, or the use or unlawful possession of a firearm described in 26 U.S.C. § 5845(a) or explosive material as defined in 18 U.S.C. § 841(c).

U.S.S.G. § 4B1.2(a).[1] So, the question is whether an offense that can be committed recklessly falls within the "force" clause of § 4B1.2(a)(1).

---

[1] The defendant's objection seems to refer to the former residual clause of § 4B1.2(a)(2), which included conduct that presented a serious potential risk of physical injury to another. *See* filing 139 at 2. But that provision is no longer found in the guideline, and because the defendant's sentence was vacated and there does not appear to be an *ex post facto* issue, the Court applies the version of the sentencing guidelines in effect at the time of sentencing.

And it can. To commit an assault recklessly is to take that action with a certain state of mind (or mens rea)—in the dominant formulation, to consciously disregard a substantial risk that the conduct will cause harm to another. *Voisine v. United States*, 136 S. Ct. 2272, 2278 (2016). Reckless assaults, no less than knowing or intentional ones, necessarily involve the "use of physical force." *Id.*

> Dictionaries consistently define the noun "use" to mean the "act of employing" something. On that common understanding, the force involved in a qualifying assault must be volitional; an involuntary motion, even a powerful one, is not naturally described as an active employment of force. But the word "use" does not demand that the person applying force have the purpose or practical certainty that it will cause harm, as compared with the understanding that it is substantially likely to do so. Or, otherwise said, that word is indifferent as to whether the actor has the mental state of intention, knowledge, or recklessness with respect to the harmful consequences of his volitional conduct.

*Id.* at 2278-79 (citations and quotations omitted). In other words, "[a] person who assaults another recklessly 'uses' force, no less than one who carries out that same action knowingly or intentionally." *Id.* at 2280; *see United States v. Garcia-Longoria*, 819 F.3d 1063, 1065-66 (8th Cir. 2016); *see also United States v. Kosmes*, 792 F.3d 973, 976-77 (8th Cir. 2015).

Accordingly, the Court concludes that a conviction for violating § 28-932 "has as an element the use, attempted use, or threatened use of physical force against the person of another," despite the possibility that the crime was committed recklessly. The Court's tentative finding is that the defendant's objection (filing 139) should be overruled.

3. Except to the extent, if any, that the Court has sustained an objection, granted a motion, or reserved an issue for later resolution in the

---

*United States v. Tidwell*, 827 F.3d 761, 763-64 (8th Cir. 2016); *see*, § 3553(a)(4)(A)(ii); U.S.S.G. § 1B1.11(a); *see also*, *United States v. Parker*, 762 F.3d 801, 806 (8th Cir. 2014); *United States v. Maxwell*, 590 F.3d 585, 589 (8th Cir. 2010); *United States v. Easterling*, 157 F.3d 1220, 1225 (10th Cir. 1998).

preceding paragraph, the parties are notified that the Court's tentative findings are that the resentencing report is correct in all respects.

4. If any party wishes to challenge these tentative findings, that party shall, as soon as possible file with the Court and serve upon opposing counsel an objection challenging these tentative findings, supported by a brief as to the law and such evidentiary materials as are required, giving due regard to the local rules of practice governing the submission of evidentiary materials. If an evidentiary hearing is requested, such filings should include a statement describing why a hearing is necessary and how long such a hearing would take.

5. Absent timely submission of the information required by the preceding paragraph, the Court's tentative findings may become final and the resentencing report may be relied upon by the Court without more.

6. Unless otherwise ordered, any objection challenging these tentative findings shall be resolved at sentencing.

Dated this 7th day of November, 2016.

BY THE COURT:

_John M. Gerrard_
John M. Gerrard
United States District Judge